REQUESTED BY: Senator John W. DeCamp Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator DeCamp:
This is in response to your letter of November 8, 1985. In that letter you state as follows:
I have an amendment to that bill LB 1 which would say, in essence, that the reductions in the bill to the University of two per cent across the board are to be reduced to one per cent subject to and contigent (sic) upon additional revenue being received through a lottery or lottery related activity and taxes.
My question is whether, assuming this amendment is adopted, that the lottery bills now before the Legislature are then within the call.
You also discuss our recent opinion concerning LB 29 to Senator Jerome Warner, dated November 7, 1985. In so doing you suggest that as a result of our opinion "the call is an ever expanding and contracting process apparently and an individual member can in effect create an expansion of the session merely by getting an amendment adopted on another bill and then having a relationship to some allegedly outside the call subject." This conclusion simply misconstrues our opinion and does not at all follow from that opinion.
The reasoning behind our opinion of November 7, 1985, is instead as follows: The Governor's call contains an item concerning budget reductions. One of the proposed budget reductions is a decrease in the appropriations for the Auditor of Public Accounts, particularly those monies used to fund the Auditor's performance of county and educational service unit audits. These audits are nevertheless still required to be conducted by statute. Having prevented the Auditor from carrying out these audits by reducing his appropriation for that purpose, it naturally follows that the Legislature should either (1) eliminate those statutory requirements or (2) provide some other clear means of funding those audits. In this case, the Legislature, through LB 29, is apparently suggesting that the latter course of action should be taken, by clarifying the fact that the counties and educational service units will now be responsible for paying for these audits. LB 29, as amended, thus naturally flows from this particular budget reduction item in LB 1. As we said in our opinion of November 7, 1985, LB 29 is thus "related to, germane to, and having a natural connection with the intended budget reduction for the Auditor of Public Accounts, which would place it within the scope of the Governor's call for the current special session."
By contrast, the same logic does not apply for the imposition of a state lottery as a result of a budget reduction for the University. The imposition of a state lottery does not necessarily follow from such a budget reduction, nor is such an action necessary because of any existing statutory framework, as was the case above. Thus, we do not believe, even with your proposed amendment, that legislation concerning a state lottery could be said to be related to, germane to, or having a natural connection with any of the specific items contained in the Governor's call.
Sincerely,
ROBERT M. SPIRE Attorney General